IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse Edmond, ) | C/A No.: 1:14-1268-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| John Doe I; Robert Ward; John Doe II; ) | REPORT AND RECOMMENDATION |
| John Doe III; John Doe IV; John Doe V; ) | |
| Ann Hallman; Joseph McFadden; James ) | |
| Blackwell; and Corporal Bouch, each in ) | |
| his/her Individual–Personal Capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jesse Edmond, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at Lieber Correctional Institution ("LCI") by the following defendants: John Doe I; Robert Ward; John Doe II; John Doe III; John Doe IV; John Doe V; Ann Hallman; Joseph McFadden; James Blackwell; and Corporal Bouch (collectively "Defendants"). [Entry #1 at 1–2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges that, despite presenting proof of three different pending court deadlines to Corporal Bouch ("Bouch"), Plaintiff has been refused all access to the LCI

1

law library since his transfer to the general population on January 6, 2014. [Entry #1 at 7, 9]. Plaintiff complains that his housing unit is frequently on lock-down status, preventing him from signing up for visits to the law library. *Id.* at 7–8. Plaintiff alleges that he informed LCI Warden Joseph McFadden ("McFadden") of the denial of law library access, to no avail. *Id.* at 9–10. Plaintiff asserts that the inability to visit the law library causes "actual injury and actual prejudice," because it hinders his ability to research and satisfy the pleading requirements to file civil cases. *Id.* at 15–16.

Plaintiff further alleges that Defendants are denying him court access by "erecting an affirmative defense based upon the doctrine of non-exhaustion of available state or administrative remedies as embodied in the internal grievance system of the prison." *Id.* at 11. Plaintiff complains that a recent change in the LCI grievance policy (GA-01.12), requiring prisoners to attach a copy of a "request to staff member" form to all initial grievances, results in grievances being unprocessed and renders the grievance system unavailable. *Id.* at 12. Plaintiff states that McFadden issued an internal memorandum regarding the change to the grievance procedure on April 30, 2013, and that Ann Hallman, Chief of the Grievance Branch, has been deliberately indifferent to abuses of the grievance process by prison staff. *Id.* at 12–14. Plaintiff indicates that he has several pending grievances which have not been timely processed, and names John Does II–V as inmate grievance administrators responsible for rendering a final decision on inmate grievances. *Id.* at 5, 14–15. Plaintiff identifies John Doe I as the director of the South Carolina Department of Corrections ("SCDC"), Robert Ward as the SCDC Director of

Operations, and James Blackwell as the LCI Associate Warden. *Id.* at 4–6. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 23–24.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

3

the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Duplicate claims

Plaintiff currently has a case pending in this court alleging a denial of court access by McFadden, James Blackwell ("Blackwell"), and the former Director of SCDC, William Byars. *See Jesse Edmond v. William R. Byars, Jr.*, C/A No. 1:13-3385-RBH-SVH (D.S.C. Dec. 4, 2013) (alleging a denial of access to the prison law library while confined in the special management unit of LCI) ("*Edmond I*"). Plaintiff's complaint in *Edmond I* also alleges the denial of meaningful access to the prison's grievance procedure. *Id.*

A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). Because Plaintiff has raised claims against McFadden, Blackwell, and the former SCDC Director concerning a denial of court access in *Edmond I*, the instant complaint's duplicate allegations against these defendants should be summarily dismissed in the interests of judicial economy and efficiency. *See Long v. Ozmint,* 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.") (quoting *Aloe Creme*

4

*Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)).  Thus, McFadden, Blackwell, and the Director of SCDC, John Doe I, are entitled to summary dismissal from this case.

    2.  Grievance procedures and policy

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Daye v. Rubenstein*, No. 10–6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims related to Defendants' alleged refusal to process his grievances and any recent change to the SCDC Inmate Grievance System are subject to summary dismissal.

    3.  Court access

Inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  However, to succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 353 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (holding prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access.").

5

Plaintiff alleges that Defendants' failure to allow access to the prison library has "hindered and obstructed Plaintiff from researching and/or satisfying pleading requirements" for civil actions. [Entry #1 at 16]. While Plaintiff alleges court deadlines requiring legal research in at least three cases, *id.* at 9, he provides no facts to demonstrate that Defendants' actions prejudiced or impeded any specific non-frivolous legal action. Thus, Plaintiff's conclusory allegations of actual injury and prejudice are insufficient to state a cognizable court access claim. *See Lewis*, 518 U.S. at 351–52 (holding that prisoners must specifically allege facts to demonstrate actual injury to a non-frivolous legal action).

Plaintiff also claims that the prison's grievance process, which is only "available in theory," makes it impossible to exhaust the administrative remedies necessary to proceed in court. [Entry #1 at 15]. However, courts may deem a claim exhausted under the PLRA when a prisoner files a grievance but fails to receive a timely determination. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been made available if a prisoner, through no fault of his own, was prevented from availing himself of it."); *see also Lewis*, 518 U.S. at 351 (holding that deprivation of court access only "in some theoretical sense" will not establish a cognizable court access claim). Therefore, Plaintiff's allegation that the prison's grievance system denies court access is without merit. As Plaintiff fails to demonstrate that Defendants' actions impeded his ability to file or litigate a non-frivolous legal action, Plaintiff's claims of a denial of court access are subject to summary dismissal.

      4.     Conspiracy

Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985).

Plaintiff provides conclusory allegations, but no concrete facts, to support his claim that Defendants came to a mutual understanding, or acted jointly in concert to deprive him of his constitutional rights. *See Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157, at *8 (4th Cir. June 17, 2008). Further, Plaintiff fails to show that he is a member of a protected class for purposes of equal protection. [Entry #1 at 12, 20]; *see also Wilkins v. Gaddy*, 734 F.3d 344, 348–49 (4th Cir. 2013) (holding that prisoners are not a protected class). Thus, Plaintiff's conspiracy allegations are subject to summary dismissal.

      5.     Negligence

Plaintiff also alleges claims of negligence against Defendants. [Entry #1 at 20–22]. However, the law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)

7

(finding that *Daniels* bars an action under § 1983 for negligent conduct). Thus, to the extent Plaintiff alleges Defendants have acted negligently, such claims are subject to summary dismissal because they do not allege that a constitutional right has been violated.

While a negligence claim may be actionable in state court, the federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 24, 2014                                              Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).