IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jesse Edmond, | ) | Civil Action No.: 1:14-cv-1268-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Doe I; Robert Ward; John Doe II; John Doe III; John Doe IV; John Doe V; Ann Hallman; Joseph McFadden; James Blackwell; and Corporal Bouch, each in his/her Individual-Personal capacity, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jesse Edmond, ("Plaintiff"), a state prisoner proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on April 8, 2014. *See* Compl., ECF No. 1. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] *See* R & R, ECF No. 9. In the R & R, the Magistrate Judge recommends that the complaint be dismissed without prejudice and without service of process. *See id.* at 1, 8. After receiving an extension of time, *see* ECF Nos. 11–12, Plaintiff timely filed objections to the R & R on May 30, 2014. *See* Pl.'s Objs., ECF No. 14.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

### DISCUSSION[2]

**I.     R & R and Objections**

In the R & R, the Magistrate Judge recommended that the complaint be dismissed without prejudice and without service of process. The Magistrate Judge first noted that Plaintiff had a separate pending action alleging denial of access to courts against Defendants McFadden and

---

[2] The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's R & R. *See* ECF No. 9 at 1–3. Briefly stated, Plaintiff's complaint alleges various issues with the conditions of Plaintiff's confinement, including issues with access to the law library and the prison grievance system.

Blackwell, as well as the former director of the South Carolina Department of Corrections ("SCDC"), William Byars ("Byars"). *See* ECF No. 9 at 4. The Magistrate Judge found that the duplicitous claims asserted in this action should be summarily dismissed in the interests of judicial economy and efficiency. *See id.* Next, the Magistrate Judge explained that Plaintiff's claims related to the grievance system should be dismissed, as there is no actionable right under § 1983 regarding a prison grievance procedure. *See id.* at 5. The Magistrate Judge then found that Plaintiff's claims regarding denial of access to the Courts should be dismissed because he has provided no facts showing Defendants' actions prejudiced or impeded any specific, non-frivolous legal action. *See id.* at 5–6. Moreover, Plaintiff's claim that the deficiencies in the grievance system make it impossible to exhaust administrative remedies is without merit, as the Court may deem a claim exhausted under the Prison Litigation Reform Act ("PLRA") when a prisoner files a grievance but fails to receive a timely determination. *See id.* at 6. The Magistrate Judge addressed Plaintiff's conspiracy argument next, finding Plaintiff had not sufficiently alleged a conspiracy, as he had provided no facts detailing how the Defendants came to a mutual understanding and acted jointly to deprive him of his constitutional rights, or that he is a member of a protected class. *See id.* at 7. Finally, the Magistrate Judge determined that Plaintiff's claim for negligence is not actionable under § 1983, and the Court should decline to exercise supplemental jurisdiction over this claim in the event the federal claims are dismissed. *See id.* at 7–8.

Plaintiff timely filed voluminous objections, asserting that the Magistrate Judge made various errors of law and findings of fact in her analysis. *See* ECF No. 14 at 1. Plaintiff argues that the Magistrate Judge improperly determined his complaint fails to state a claim. *See id.* at 2. Moreover, he contends that his claims are not duplicative, as they did not arise from the same set of

facts or have a temporal relationship, and some of the Defendants in this action were not defendants in the previous action. *See id.* 2–3. Plaintiff argues that the Magistrate Judge erred in failing to consider consolidating this action with the other case. *See id.* at 3. He also contends that the case should not be dismissed absent some finding that it is frivolous or malicious. *See id.* Finally, he argues that the Magistrate Judge erred in not providing any analysis of the due process clause, his claim for § 1985 conspiracy was adequately pled, and the negligence claim is proper under the Court's supplemental jurisdiction. *See id.* at 3–4.

Plaintiff also filed a memorandum in support of his objections. In this document, he contends his claims are not duplicative to any prior action and that the Magistrate Judge did not even address some of his claims. *See* ECF No. 14-1 at 1. Plaintiff argues that he has been denied access to the courts due to the shortcomings of, and his lack of access to, the prison law library. *See id.* at 3. He asserts there is an ongoing pattern of harassment and exclusion from the library and that he should be able to pursue this claim under § 1983. *See id.* at 4. Plaintiff then contends that the Magistrate Judge only looked at "snippets" of his complaint in determining that it failed to state a valid claim, and that he sufficiently pled each Defendants' purported involvement in the constitutional violations. *See id.* at 5–6. Plaintiff argues that his allegations were not conclusory, contrary to the R & R's findings. *See id.* at 6–8. Plaintiff then asserts that the Magistrate Judge failed to address his claims under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment. *See id.* at 9. He also argues that he should be allowed to amend his complaint in the event that the Court agrees that he has failed to sufficiently allege harm or injury. *See id.*

Plaintiff then turns to his argument that his claims are not duplicitous of the other lawsuit identified by the Magistrate Judge. Plaintiff argues they are not duplicitous and even if they were

dismissal is not appropriate under the PLRA. *See id.* at 10. Plaintiff argues that the facts of this case are different from the prior case, and the Magistrate Judge did not identify how the present case concerns the same set of facts as the previous action. *See id.* at 11. Plaintiff contends that the previous lawsuit was related solely to the time he was confined to the Special Management Unit, while this suit arose from his confinement in general population. *See id.* at 12. Thus, he argues, this case does not arise from the same common nucleus of operative facts, as it concerns a different point in time and different set of circumstances. *See id.* at 12–13. Plaintiff also contends that the parties are not the same, as the present action does not identify William Byars as a defendant or designate him as the former director of the SCDC. *See id.* at 13. Plaintiff contends that John Doe I is meant to be the current director or acting director of the SCDC.[3] *See id.* at 14. Plaintiff also contends that Defendants Bouch and Ward were not involved in the prior lawsuit and thus any claims against them should not be dismissed on that ground. *See id.* at 15.

Plaintiff then turned to the grievance system claims, noting that the Magistrate Judge failed to conduct any analysis regarding the grievance system under the Due Process Clause. *See id.* Plaintiff asserts that the Magistrate Judge only analyzed this claim as a First Amendment claim and not as a Due Process claim as well. *See id.* at 15–18. Plaintiff argues that he has been prevented from exhausting his administrative remedies and thus denied access to the courts. *See id.* at 16.

Finally, Plaintiff asserts that he properly stated a claim for conspiracy under § 1985. He argues that he did assert in the complaint that he is a member of a protected class and that he sufficiently pled his claim, as he provided a short and plain statement of the facts. *See id.* at 18–21.

---

[3] Plaintiff cites to Defendants' answer in the prior case noting that Byars was the former director of the SCDC and denying that he was the current director. *See* ECF No. 14-1 at 14.

**II.     Analysis**

As previously noted, Plaintiff's objections to the R & R were extensive. A thorough review of the objections, however, shows that a good many of the objections simply allege that the Magistrate Judge was incorrect. However, Plaintiff did specifically object to several of the Magistrate Judge's findings, and the Court will address each of those in turn.

The first issue is the prior lawsuit brought by Plaintiff against Defendants McFadden and Blackwell, as well as William Byars. As the Magistrate Judge noted in the R & R, this previous lawsuit also alleged denial of access to the Courts (particularly due to lack of access to the prison law library) and denial of access to the grievance procedure while Plaintiff was confined in the special management unit.[4] *See* Compl., *Edmond v. Byars*, No. 1:13-3385-RBH-SVH (D.S.C. Dec. 4, 2013). This action was dismissed with prejudice for failure to prosecute. *See* Order, *Edmond v. Byars*, No. 1:13-3385-RBH-SVH (D.S.C. Nov. 4, 2014). The only differences Plaintiff alleges between this action and the prior action are: (1) that these claims relate to his confinement in general population as opposed to the special management unit and (2) that he intended to sue the current director of SCDC rather than Byars (the former director of SCDC). The Court finds that this is insufficient to show that these claims should not be dismissed. Both actions allege the same issues regarding Plaintiff's access to the law library and the prison grievance system, and the mere fact that Plaintiff changed confinement status has no substantive effect on the nature of his claims. Accordingly, as the previous action was dismissed with prejudice, the duplicitous claims asserted in

---

[4] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ( "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

this action against Defendants McFadden and Blackwell are barred by the doctrine of *res judiciata*.[5] Moreover, as discussed below, these claims should also be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B).[6]

Plaintiff does not address the Magistrate Judge's finding that he cannot state a cognizable claim under § 1983 regarding the grievance system. Accordingly, finding no clear error, the Court adopts the Magistrate Judge's finding as its own. Rather, Plaintiff argues that the Magistrate Judge should have conducted a "due process" analysis of this claim. The Court notes, however, that § 1983 is the mechanism by which a party may raise a civil claim that his due process rights were violated. Accordingly, the Magistrate Judge did not need to specifically examine due process, as Plaintiff cannot assert any claims related to the grievance process under § 1983. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.") (citations omitted); *Ashann-Ra v. Commonwealth of Va.*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2009) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.") (citations omitted).

---

[5] "Under the doctrine of *res judicata*, . . . '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (*quoting Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55 (citing *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). The claims asserted in both suits do not have to be identical; "the doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." *Id.* at 355–56 (citing *Moitie*, 452 U.S. at 398).

[6] In his objections, Plaintiff contends that he named William Byars (the former director of SCDC) in the previous suit, but in this suit intended to sue the present director of the SCDC. As noted below, regardless of which Defendant he intended to sue, Plaintiff has failed to state a valid claim and thus dismissal is warranted.

7

Plaintiff did not address the Magistrate Judge's finding that Plaintiff's claims regarding denial of access to the Courts should be dismissed because he has not provided sufficient facts showing Defendants' actions prejudiced or impeded any specific, non-frivolous legal action. Plaintiff's objections simply assert that he suffered harm/injury generally. The Court agrees with the Magistrate Judge that Plaintiff has failed to sufficiently allege a specific injury or any impediment to the pursuit of a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 353 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (holding prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Accordingly, these claims should be dismissed.

Plaintiff did not address the Magistrate Judge's analysis regarding the grievance procedure/exhaustion requirement either. In the R & R, the Magistrate Judge found that Plaintiff's claim that the grievance process makes it impossible to exhaust administrative remedies is not a proper denial of access to courts claim. As the Magistrate Judge explained, under the PLRA the Court may deem a claim exhausted if a prisoner files a grievance but fails to receive a timely determination. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond." (quoting *Woodford v. Ngo*, 548 U.S. 81 (2006))). This alleviates any problems with a grievance process allegedly prohibiting an inmate from exhausting administrative remedies. Plaintiff does not address this particular finding in his objections, but

rather generally argues that the alleged deficiencies in the prison creates some sort of due process issue. Accordingly, this claim should also be dismissed.

Plaintiff only partially addressed the Magistrate Judge's finding regarding his conspiracy claim. The Magistrate Judge noted that Plaintiff failed to provide sufficient facts showing that he was a member of a protected class or that Defendants came to a mutual understanding and acted jointly to deprive him of his constitutional rights. In his objections, Plaintiff asserted that he did in fact allege membership in a protected class of *pro se* plaintiffs/jailhouse lawyers. The Court first notes that this is not a "protected class" under § 1985. *See Patterson v. Stogner*, No. 0:10-2456-CMC-BM, 2010 WL 4822830, at *2 (D.S.C. Nov. 22, 2010) ("Section 1985(3) of Title 42 historically was intended to encompass only those conspiracies motivated by animus against the kind of classes of individuals Congress was trying to protect when it enacted the Civil Rights Act, namely, those classes of individuals discriminated against based upon race, color, or national origin."). Moreover, Plaintiff did not even object to the Magistrate Judge's determination that he failed to sufficiently allege Defendants came to a mutual understanding and acted jointly to deprive him of his constitutional rights. Accordingly, based on the forgoing, Plaintiff's § 1985 conspiracy claim should also be dismissed.

The Magistrate Judge then recommended that if the Court dismissed all of the federal claims, it should decline to exercise supplemental jurisdiction over any remaining state law claims. Plaintiff's objections merely argue that supplemental jurisdiction is in fact proper. Because as all of Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

Finally, Plaintiff briefly argued that he should be allowed to amend his complaint in the event the Court determined he failed to allege sufficient harm/injury.  Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)–(2).  For any subsequent amendment, a party must either receive the opposing party's consent or seek leave from the Court.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires," *id.*; however, a motion to amend may be denied if allowing the amendment would be futile.  *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").  Plaintiff's objections fail to sufficiently establish that amendment would not be futile.  Plaintiff filed voluminous objections to the Magistrate Judge's recommendations.  However, in support of his request for leave to amend he provided no information detailing how amendment would not be futile, or elaborating on the harm/injury he suffered.  Accordingly, his request for leave to amend is denied.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the R & R, Plaintiff's objections to the R & R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R, as modified to reflect the Court's analysis on *res judicata* and Plaintiff's request for leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's federal law claims are **DISMISSED** *without prejudice* and the Court **DECLINES** to exercise supplemental jurisdiction over any remaining state law claims. Accordingly, this action is **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

                                             s/ R. Bryan Harwell
                                             R. Bryan Harwell
                                             United States District Judge

Florence, South Carolina
May 28, 2015